UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                              25CR00114

JACKSON ELLIOT FLEMING,

    Defendant.

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE TO
DEFENDANT'S CONSOLIDATED MOTIONS *IN LIMINE***

Now comes Jackson Fleming, by and through his attorney, Bedi & Singer, LLP, and respectfully submits this reply to the government's response to the Defendant's Consolidated Motions *in limine*. In reply to the government, Mr. Fleming states as follows:

1. **Any and All Responses by the U.S. Naval Academy to the Alleged Threat are Completely Irrelevant under Fed. R. Evid. 401**

The government argues that the "steps" the Naval Academy took to address the alleged threat are relevant, as a victim's response to a statement and a victim's belief that it was a threat are relevant in true threat cases. (Dkt. 46 at 1-3). Yet as the defense argued in its original motion *in limine*, the response of the U.S. Naval Academy to the alleged statements in this case is irrelevant because of how attenuated it is from the statement itself.

The government seems to address in their response that two midshipmen will

1

testify they saw the statement and they reported it, and one U.S. Navy Captain will testify they saw the statement and "took action to address it." (Dkt. 46 at 3). Yet this is not the proposed extent of the witness's testimony, nor the only proposed testimony regarding the response to the alleged threat.

The government states the testimony of these three individuals "will also address related issues, including but not limited to evidence" that the statement was published on the application "Jodel" (Dkt. 46 at 3). The defense is not seeking to limit these witnesses from testifying to the use of Jodel on campus, but is seeking to bar the response of the U.S. Naval Academy and the ensuing situation on the campus, as it is completely irrelevant. The defense's motion argued that testimony from government witnesses regarding the response of the U.S. Naval Academy, including the hours long lock down, the misleading social media reports, the misleading and incorrect internal communications, and the on-campus shooting, are all completely irrelevant to the charges and should be excluded. The government's motion does not address the defense's arguments that the attenuated response of the Naval Academy is completely irrelevant to the elements of the charges themselves. The defense reiterates its argument contained in Dkt. 42 that any testimony about the U.S. Naval Academy's response including the lockdown, internal emails, false social media reports, false campus alerts, and the shooting which occurred on campus should be completely barred from entry into evidence at trial, as it is completely irrelevant, and it is completely attenuated from the alleged threat itself. The misinformation spreading around the campus which led to the false reports of a shooter, which eventually led to a shooting are completely unrelated to the threat itself. The impact of the spread of misinformation is not relevant to the

2

charges against Mr. Fleming or the elements the government must prove.

### 2. Any and All Responses by the U.S. Naval Academy to the Alleged Threat are Unduly Prejudicial

The government argues the U.S. Naval Academy response is not unduly prejudicial and would not cause a "prejudicial overload." (Dkt. 46 at 4). The government argues there will be no "prejudicial overload" because two midshipmen and the captain will testify, and they will "complete their testimony in one day." (Dkt. 46 at 4). First, this response does not address the fourth witness the government seeks to call, the midshipman who was shot. The government does not address how long that testimony will take, and the percentage of the trial it will encompass. The government has indicated they are only calling approximately seven to nine witnesses, and this trial is only scheduled to last three days. If three to four witnesses, including at least one full day of trial, is taken up with testimony about the U.S. Naval Academy's response and the emotions of the midshipmen and captain, that will completely cause a prejudicial overload.

In regard to the midshipman who was shot, the government "anticipate[s]" he will testify "about his shooting, the events leading up to it , and his mental state throughout." (Dkt. 46 at 5). The government does not allege this individual saw the specific statement, and this individual's testimony would absolutely tilt the scales in to weigh towards a complete prejudicial overload. If four of the government's seven to nine witnesses are testifying about the emotional moments caused by the U.S. Naval Academy's response to this statement, this would completely prejudice Mr. Fleming, and substantially outweigh the complete lack of probative value this testimony would even have.

The government presents no argument as to why this testimony would not be unduly prejudicial, and only argues that it is relevant. As this court is well aware, even if a court finds there is some relevance to a piece of evidence, it can still be excluded under Fed. R. Evid. 403 if it is unduly prejudicial. Hearing over half or almost half of the witnesses testify to the emotional impact of the U.S. Naval Academy response will no doubt unduly prejudice Mr. Fleming, and this testimony, including any testimony that an individual was shot because of the U.S. Naval Academy response, must be excluded.

3. **Mr. Fleming's Separation and Reasons for Separation from the U.S. Naval Academy Must Be Excluded**

Mr. Fleming's motion *in limine* argued that his separation and the reasons for his separation from the Naval Academy should be barred from evidence. (Dkt. 42 at 7). The government argues Mr. Fleming's previous attendance at the Naval Academy is relevant, and the fact that a separation occurred does not mean it was for a negative reason. (Dkt. 46 at 7). If the jury hears that Mr. Fleming separated from the Academy, and the reasons, as argued in Dkt. 42, this could prejudice the jury against Mr. Fleming. The government posits no compelling reason as to why "separation" would not make the jury question why Mr. Fleming left and potentially make negative inferences against him. The defense's motion *in limine* should be granted.

4. **Chats from Other Social Media Are Irrelevant and Do Not Show Consciousness of Guilt**

The government states they are only seeking to admit messages from a cell phone and Instagram allegedly sent by Mr. Fleming which "directly refer to the allegedly threatening message in question" in order to show Mr. Fleming's "knowledge" and "consciousness of guilt" (Dkt. 46 at 7). These statements the government seeks to admit

4

are irrelevant, as they do not show any "consciousness of guilt" and have no relevance to the charges. The government cites *United States v. Robinson* to argue that "consciousness of guilt" is "a purpose the Seventh Circuit has long held to be appropriate." (Dkt. 46 at 8). While it is accurate that "consciousness of guilt" is an appropriate basis for other crimes to be admitted under 404(b), *Robinson* specifically deals with flight as consciousness of guilt, which is not applicable in Mr. Fleming's case whatsoever. The purpose of arguing a piece of evidence is "consciousness of guilt" is to prove the identity of the individual who sent these messages, yet identity is not an issue in this case. Therefore, it makes these alleged "consciousness of guilt" statements completely irrelevant to the charges against Mr. Fleming, and they should be barred from entry into evidence as they are completely irrelevant.

WHEREFORE, Mr. Fleming respectfully requests the court grant his motions *in limine*.

Respectfully submitted,

<u>s/ Jonathan S. Bedi</u>
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson Blvd
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorney for Defendant**

5

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

By: s/ Jonathan S. Bedi
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorney for Defendant**

6